IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TERESA L., on behalf of her minor son, MATTHEW L., | ) ) ) | Civ. No. 09-00348 SOM-BMK |
| Plaintiffs, | ) ) | FINDING AND RECOMMENDATION THAT PLAINTIFFS' MOTION |
| vs. | ) ) ) ) | DETERMINING PLAINTIFFS AS PREVAILING PARTY AND FOR AN AWARD OF ATTORNEYS' |
| DEPARTMENT OF EDUCATION, STATE OF HAWAII, | ) ) ) | FEES AND COSTS BE GRANTED |
| Defendant. | ) ) ) | |
| _____ | ) | |

FINDING AND RECOMMENDATION THAT PLAINTIFFS' MOTION
DETERMINING PLAINTIFFS AS PREVAILING PARTY AND FOR AN
AWARD OF ATTORNEYS' FEES AND COSTS BE GRANTED

Before the Court is Plaintiffs' Motion Determining Plaintiffs as

Prevailing Party and for an Award of Attorneys' Fees and Costs. After careful

consideration of the motion, the supporting and opposing memoranda, and the

attached documentation, the Court RECOMMENDS that Plaintiffs' motion be

GRANTED and that Plaintiffs be awarded $44,073.58 for attorneys' fees and costs.

## FACTUAL BACKGROUND

This case arises out of administrative proceedings concerning

Matthew L.'s[1] November 12, 2004 Individualized Education Program[2] (the "2004

IEP"). (See Opp. at 2.) The 2004 IEP retained Matthew's placement at Wheeler

Elementary School and provided for among other things, special education

services. (Teresa L., slip op. at 5-6.) Matthew's mother, Teresa L., rejected the

2004 IEP and notified the elementary school's principal that she intended to

educate Matthew through a home-based program at public expense. (Id. at 6.)

On May 23, 2005, Plaintiffs[3] filed a Request for Impartial Due

Process Hearing challenging the 2004 IEP. (See id.) On April 20, 2006, Hearings

Officer Alm (the "Hearings Officer") convened a de novo due process hearing on

the matter. (Id. at 8.) The Hearings Officer issued her Findings of Fact,

Conclusions of Law and Decision (the "decision") on June 26, 2006 in which she

found that the 2004 IEP did not provide Matthew with a free, appropriate public

education ("FAPE"). (Id.) She also found that the home-based program provided

---

[1] Matthew is qualified as a student with a disability under the Individuals with Disabilities Act (the "IDEA") and is therefore eligible for special education services. (Teresa L. v. Dep't of Educ., CV. NO. 06-00399 HG-LEK, slip op. at 5 (D. Haw. Aug. 3, 2007); Mot. at 1.)

[2] This case does not concern Matthew's November 12, 2005 Individualized Education Program (the "2005 IEP"). (Opp. at 2.) Plaintiffs received payment for attorneys' fees and costs incurred in litigating the 2005 IEP on August 31, 2007. (Id. at 2-3; Ex. 2 at 1, 2.)

[3] Plaintiffs consist of Teresa L., on behalf of her son Matthew L., and Matthew L.

2

by Teresa was appropriate.  (Id.)  Thus, the Hearings Officer ordered Defendant to reimburse Plaintiffs for the cost of Matthew's home-based program from January 10, 2005 up to and including June 16, 2005.  (Id.)

Plaintiffs appealed the Hearings Officer's decision arguing that she erred in limiting reimbursement to the period ending June 16, 2005.  (Id. at 9.)  On August 3, 2007, Judge Gillmor issued an order reversing the Hearings Officer's decision to the extent that it limited reimbursement to the period ending June 16, 2005.  (Id. at 19.)  Judge Gillmor ordered Defendant to reimburse Plaintiffs for the full period that FAPE had been denied, which was up to and including November 4, 2005.  (Id. at 19, 20.)

On July 28, 2009, Plaintiffs filed a complaint against Defendant seeking attorneys' fees and costs pursuant to 20 U.S.C. § 1415 for prevailing at the administrative level.  (Doc. #1.)  On August 27, 2009, Plaintiffs filed the instant motion asserting that they are the prevailing party and as such, are entitled to an award of fees and costs incurred in litigating the 2004 IEP as well as those incurred in the instant case.  (Mot. at 2.)

DISCUSSION

I.      Statute of Limitations

Defendant does not dispute that Plaintiffs were the prevailing party at

the administrative level.  (Opp. at 3.)  Defendant argues, however, that Plaintiffs'

request for attorneys' fees and costs is barred by the statute of limitations.  (Id. at

4-5.)  Defendant contends that 1) the statute of limitations started to run as of the

date of the Hearings Officer's June 26, 2006 decision and 2) the applicable

limitation period is two years.  (Id.)

Plaintiffs disagree with both of Defendant's contentions.  Plaintiffs

argue that 1) the statute of limitations started to run thirty days after Judge Gillmor

issued her August 3, 2007 order[4] and 2) the applicable limitation period is six years

rather than two.  (Reply at 3-6.)  Plaintiffs assert that based on the foregoing, their

request for attorneys' fees and costs is timely.  (Id. at 6.)

The IDEA provides, "In any action or proceeding brought under this

section, the court, in its discretion, may award reasonable attorneys' fees as part of

the costs . . . to a prevailing party who is the parent of a child with a disability."  20

U.S.C. § 1415(i)(3)(B)(i)(I).  The IDEA, however, provides no statute of

limitations for actions for attorneys' fees under the foregoing section.  Ostby v.

Oxnard Union High, 209 F. Supp. 2d 1035, 1042 (C.D. Cal. 2002); see also 20

U.S.C. § 1415(i)(3)(B); Brandon E. v. Dep't of Educ., 621 F. Supp. 2d 1013, 1016

(D. Haw. 2008).  Where Congress does not provide a statute of limitations in a

---

[4] Plaintiffs argue that this is when the Hearings Officer's decision became final.  (Reply
at 3.)

federal statute, "the U.S. Supreme Court has indicated that the settled practice is to adopt the most analogous state time limitation, so long as it is consistent with federal policy to do so." <u>Brandon E.</u>, 621 F. Supp. 2d at 1016.  To determine which state time limitation is most analogous, "the court must characterize the essence of the claim in the pending case, and decide which state statute provides the most appropriate limiting principle." <u>Ostby</u>, 209 F. Supp. 2d at 1042 (quoting <u>S.V. v. Sherwood Sch. Dist.</u>, 254 F.3d 877, 879 (9th Cir. 2001)) (quotations omitted).

In <u>Brandon E.</u>, Senior District Judge Alan C. Kay applied the foregoing principles and held that the most appropriate state statute of limitations to apply to actions for the recovery of attorneys' fees under the IDEA is the six year catchall, HRS § 657-1(4).  621 F. Supp. 2d at 1019.   As Judge Kay noted, an action for attorney's fees is more like a claim for the recovery of an economic loss due to the deprivation of legal rights rather than a tort action.  <u>Id</u>.   The Court agrees with this analysis.  Applying the six year statute of limitations to the instant case, the Court concludes that Plaintiffs' request for attorneys' fees and costs is timely regardless of whether the limitation period started to run as of the date of the Hearings Officer's 2006 decision or Judge Gillmor's 2007 order.

II.    <u>Attorneys' Fees and Costs</u>

To calculate an award of reasonable attorneys' fees in IDEA cases, courts use the lodestar calculation set forth in <u>Hensley v. Eckerhart</u>, 461 U.S. 424 (1983). <u>See</u> <u>Aguirre v. Los Angeles Unified Sch. Dist.</u>, 461 F.3d 1114, 1121 (9th Cir. 2006) (holding that "attorney's fees awarded under 20 U.S.C. § 1415 are governed by the standards set forth by the Supreme Court in <u>Hensley</u> and its progeny"). Under <u>Hensley</u>, the "starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." 461 U.S. at 433. Once calculated, the lodestar amount is presumptively reasonable, although it may be subject to adjustment in certain circumstances. <u>Tirona v. State Farm Mut. Auto. Ins. Co.</u>, 821 F. Supp. 632, 636 (D. Haw. 1993); <u>see also</u> <u>Fischer v. SJB-P.D. Inc.</u>, 214 F.3d 1115, 1119 n.4 (9th Cir. 2000).

In the instant case, Plaintiffs request the following lodestar amount for work performed by Plaintiffs' attorney, Stanley Levin, and his paralegal, Bruce Ellis, at the administrative level:

|        | Hours  | Rate     | Lodestar    |
|--------|--------|----------|-------------|
| Levin  | 100.10 | $285     | $28,528.50  |
| Ellis  | 93.30  | $ 85     | $ 7,930.50  |
|        |        | Subtotal | $36,459.00  |

6

|  | State Excise Tax | $  1,717.96 |
|--|--|--|
|  | TOTAL | $38,176.96 |

(See Mot. at 11; see also Ex. B at 7; Ex. C at 3; Ex. D at 4; Ex. E at 2.)

As to the reasonableness of the number of hours expended, the party seeking attorneys' fees bears the burden of proving that such hours were associated with the relief requested and reasonably necessary to achieve the results obtained. See Tirona, 821 F. Supp. at 636.  Here, Plaintiffs attached documentation itemizing the hours expended.  (See Ex. B-E.)  Plaintiffs assert that said hours were associated with the due process hearings and subsequent appeals, and were reasonably necessary to achieve the results obtained.  (See Levin Decl. at ¶¶ 14, 15; Ellis Decl. at ¶¶ 5, 7.)  Defendant does not dispute this.  As such, the Court finds that the number of hours expended at the administrative level is reasonable.

As to the reasonableness of the hourly rates sought, such rates should reflect those prevailing in the community for similar work performed by attorneys of comparable experience, skill, and reputation.  See Webb v. Ada County, 285 F.3d 829, 840 (9th Cir. 2002); see also Tirona, 821 F. Supp. at 636.  Here, the Court recognizes that Levin and Ellis have substantial experience in litigating IDEA cases.  Together, they have litigated numerous IDEA cases in this district court and have been awarded their respective hourly rates of $285 and $85 in such

7

cases.  See, e.g., Taylor H. v. Dep't of Educ., CV. NO. 09-00020 SOM-LEK, slip

op. at 8 (D. Haw. Aug. 6, 2009); Melodee H. v. Dep't of Educ., CV. NO. 07-00256

HG-LEK, 2008 WL 4344701, at *8, 9 (D. Haw. Sept. 23, 2008); Brandon E. v.

Dep't of Educ., CV. NO. 07-00536 ACK-LEK, 2008 WL 4602533, at *6 (D. Haw.

Sept. 4, 2008).  Thus, the Court finds that the hourly rates sought by Levin and

Ellis are reasonable.  The Court therefore recommends that Plaintiffs' request for

$38,176.96 in fees incurred at the administrative level be granted.

Plaintiffs also request fees in the amount of $4,708.90 for work

performed in the instant case.  (See Ex. G at 1-2.)  Defendant does not challenge

the reasonableness of these fees.  Because this district court has previously

awarded Levin and Ellis reimbursement for fees incurred in similar actions, the

Court recommends that Plaintiffs' request be granted.  See, e.g., Taylor H., slip op.

at 12; Brandon E., 2008 WL 4602533, at *11.

Lastly, Plaintiffs seek recovery of costs incurred at the administrative

level and in the instant case, which Defendant does not dispute.  (Mot. at 11.)

Plaintiffs have attached numerous invoices and other documentation in support of

such costs.  (Ex. F.)  The Court finds that the costs are reasonable and the

documentation is adequate.  The Court therefore recommends that Plaintiffs'

request for costs in the amount of $1,187.72 be granted.

8

CONCLUSION

In accordance with the foregoing, the Court RECOMMENDS that

Plaintiffs' motion be GRANTED and that Plaintiffs be awarded attorneys' fees and

costs in the total amount of $44,073.58.[5]

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, October 28, 2009.



  /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

---

[5] $38,176.96 + $4,708.90 + $1,187.72 = $44,073.58.

Teresa L. v. Department of Education, Civ. No. 09-00348 SOM-BMK; FINDING AND
RECOMMENDATION THAT PLAINTIFFS' MOTION DETERMINING PLAINTIFFS AS
PREVAILING PARTY AND FOR AN AWARD OF ATTORNEYS' FEES AND COSTS BE
GRANTED.